☑ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>information associated with a certain cellular telephone assigned call numbers<br>414-840-3747 ("the SUBJECT PHONE") that is stored at premises controlled<br>by Verizon, a wireless telephone service provider headquartered at<br>180 Washington Valley Road, in Bedminster, New Jersey, 07921. | )<br>)<br>)  Case No.23-974M(NJ)<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before August 11, 2023_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.      xx☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Honorable Nancy Joseph_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:7/28/2023 @ 10:37 a.m._____

*Judge's signature*

City and state:      Milwaukee, WI_____        Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number **414-840-3747** ("the Account") that are stored at premises controlled by Verizon ("the Provider"), headquartered at 180 Washington Valley Road, Bedminster, New Jersey, 07921.

## ATTACHMENT B

## Particular Things to be Seized

**I.      Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Accounts listed in Attachment A for the time periods from March 15, 2023, through June 23, 2023:

  a.   The following information about the customers or subscribers of the Accounts:

   i.   Names (including subscriber names, usernames, and screen names);

  ii.   Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

  iii.   Local and long-distance telephone connection records;

  iv.   Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v.   Length of service (including start date) and types of service utilized;

  vi.   Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

  vii.   Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

        viii.   Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Accounts, including:

        i.   Records of user activity for each connection made to or from the Accounts, including log files; text messaging logs; the date, time, length, and method of connections; data transfer volume; usernames; and source and destination Internet Protocol addresses;

        ii.   Information about each communication sent or received by the Accounts, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as the source and destination telephone numbers, email addresses, and IP addresses); and

        iii.   All data regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received;

        iv.   All historical GPS or other precision location information associated with each Accounts listed in Attachment A, including Per Call Measurement Data (PCMD), Range to Tower/Real-Time Tool (RTT) data, NELOS records, and Timing Advance Data (TrueCall)).

## II.    Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2252A(a)(2)(A), during the period from March 15, 2023, through June 23, 2023.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of <br> *(Briefly describe the property to be searched <br> or identify the person by name and address)* <br> information associated with a certain cellular telephone assigned call numbers <br> 414-840-3747 ("the SUBJECT PHONE") that is stored at premises controlled <br> by Verizon, a wireless telephone service provider headquartered at <br> 180 Washington Valley Road, in Bedminster, New Jersey, 07921. | ) <br> ) <br> ) <br> )     Case No.23-974M(NJ) <br> ) <br> ) <br> ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the _____ Eastern _____ District of _____ Wisconsin _____ , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❏ contraband, fruits of crime, or other items illegally possessed;

❏ property designed for use, intended for use, or used in committing a crime;

❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography |
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Child Pornography |

The application is based on these facts:

Please see attached Affidavit.

☑ Continued on the attached sheet.

❏ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Sarah Dettmering, Special Agent, FBI
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ TELEPHONE _____ *(specify reliable electronic means).*

Date: 7/28/2023

_____
*Judge's signature*

City and state: Milwaukee, WI

Honorable Nancy Joseph, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Sarah Dettmering, being first duly sworn, depose and state as follows:

## I.     INTRODUCTION, BACKGROUND, TRAINING, AND EXPERIENCE:

1.     I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call numbers **414-840-3747** ("the SUBJECT PHONE") that is stored at premises controlled by Verizon, a wireless telephone service provider headquartered at 180 Washington Valley Road, in Bedminster, New Jersey, 07921. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require Verizon to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

1.     I have been employed as a Special Agent of the Federal Bureau of Investigation (FBI) since January 2018 and am currently assigned to the Milwaukee Division as a member of the Milwaukee Child Exploitation and Human Trafficking Task Force. My duties include investigating criminal violations relating to child sexual exploitation and child pornography. While employed by the FBI, I have investigated federal criminal violations related to child exploitation and child pornography. I have received training from the FBI specific to investigating child pornography and child exploitation crimes and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256) in various forms of media. As a result of my training, experience, and discussions with other law enforcement officers assigned to

investigate child pornography and child exploitation, I am familiar with methods by which electronic devices are used as the means for receiving, transmitting, possessing, and distributing images and videos depicting minors engaged in sexually explicit conduct. I have also received training and gained experience in interview and interrogation techniques with enhanced training specific to cybercrimes, social media search warrants, residential search warrants, interviews and interrogations of subjects of criminal investigations, electronic device identification and forensic review.

2.      Based on the facts set forth in this affidavit, there is probable cause that the cellular device with telephone number **414-840-3747** contains evidence and/or instrumentalities of violations of 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2252A(a)(2)(A), as described in Attachment B.

3.      This affidavit is based upon my training and experience, my personal knowledge and information reported to me by other law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. This affidavit is also based upon police reports, forensic analysis of digital devices, open-source information, reports from Electronic Service Providers, and subject interviews that I consider to be reliable as set forth herein.

4.      Because this affidavit is submitted for the limited purpose of a obtaining a search warrant, I have not included each and every fact known to me concerning this investigation.

## II.     DEFINTIONS

5.      The following definitions apply to the Affidavit and Attachments A and B to this Affidavit:

a.      "Cellular telephone" or "cell phone" means a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals

2

through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include storing names and phone numbers in electronic "address books"; sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may include geolocation information indicating where the cell phone was at particular times.

      b.    "Child Pornography" is defined in 18 U.S.C. § 2256(8) as any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. Child pornography is now commonly referred to as Child Sexual Abuse Material (CSAM).

      c.    The "Internet" is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

      d.    "Internet Service Providers" (ISPs) are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of

functions for their customers including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment. ISPs can offer a range of options in providing access to the Internet including telephone-based dial-up, broadband based access via digital subscriber line (DSL) or cable television, dedicated circuits, or satellite based subscription. ISPs typically charge a fee based upon the type of connection and volume of data, called bandwidth, which the connection supports. Many ISPs assign each subscriber an account name – a username or screen name, an "e-mail address," an e-mail mailbox, and a personal password selected by the subscriber. By using a computer equipped with a modem, the subscriber can establish communication with an Internet Service Provider (ISP) over a telephone line, through a cable system or via satellite, and can access the Internet by using his or her account name and personal password.

e.     "An Internet Protocol address" (IP address) is a unique numeric address used by internet-enabled electronic storage devices to access the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every electronic storage device attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that electronic storage device may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static, that is, long-term IP addresses, while other computers have dynamic that is, frequently changed IP addresses.

f.     The terms "records," "documents," and "materials" include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including writings and drawings), photographic form (including prints, negatives, videotapes, motion pictures, and photocopies), mechanical form (including printing and typing) or electrical,

4

electronic or magnetic form (including tape recordings, compact discs, electronic or magnetic storage devices such as hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, smart cards, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

## III. BACKGROUND ON THE INVESTIGATION AND PROBABLE CAUSE

6. On or about March 23, 2023, I was conducting an online investigation on the Peer to Peer BitTorrent network for offenders sharing CSAM. An investigation was initiated for a device being operated with the IP Address 98.144.212.72 because it was associated with a shared torrent which contained at least one file consistent with the definition of CSAM.

7. Using a computer running investigative BitTorrent software, a direct connection was made to the device at IP Address 98.144.212.72 and a download was successfully completed of a file with the name 11yo Preteen BJ + Anal Fuck with 10yo Boy Neighbour and His Dad.AVI. The device at IP Address 98.144.212.72 was the sole candidate for this download, and as such, this file was downloaded directly from this IP address. This file is described as follows:

   a. Full color video approximately thirteen minutes and thirty-three seconds long which shows a prepubescent boy, approximately seven to ten years old, standing completely nude. A completely nude prepubescent girl, approximately eight to ten years old performs oral sex on the boy. A completely nude adult male appears, and the juvenile girl performs oral sex on the adult male. The girl then places both the juvenile boy's and the adult male's penises in her mouth. The juvenile boy performs oral sex on the juvenile girl, then inserts his penis into her vagina and they engage in intercourse.

5

8.     On or about March 24, 2023, I was conducting an online investigation on the Peer to Peer BitTorrent network for offenders sharing CSAM. My attention was directed to IP Address 98.144.212.72 because it was associated with a shared torrent which contained at least one file consistent with the definition of CSAM.

9.     Using a computer running investigative BitTorrent software, a direct connection was made to the device at IP Address 98.144.212.72 and a download was successfully completed of a file with the name Orgasm compilation.avi. The device at IP Address 98.144.212.72 was the sole candidate for this download, and as such, this file was downloaded directly from this IP address. This file is described as follows:

   a.  This video is approximately two hours and fifty-six minutes long and shows a compilation of many different videos of different juvenile girls, which are individually consistent with the definition of CSAM. An example of a video from the compilation is described below:

      i.   The first video shows a juvenile girl, approximately six to eight years old sitting completely nude facing the camera with her legs spread to expose her vagina which the girl is rubbing with her hand.

      ii.  A completely nude prepubescent girl, approximately three to four years old is lying on a bed with her legs spread to expose her vagina. An adult hand rubs a white cylindrical object, consistent with a sex toy on the girl's vagina, the girl then takes the object and rubs herself.

      iii. A prepubescent girl, approximately five to seven years old, is lying on her back completely nude while an adult male rubs her exposed vagina.

6

iv. A prepubescent girl, approximately three to four years old lying completely nude on her back while an adult male holds down her arms and has his face moving between her legs appearing to perform oral sex on the girl. \

v. A prepubescent girl, approximately two years old is lying on her back with her legs spread and vagina exposed. An adult male is rubbing the girl's vagina with his hand.

10.     On or about April 14, 2023 an administrative subpoena was served on Charter Communications Inc. (Charter), by an Operational Support Technician for the FBI, for the IP Address 98.144.212.72 on the date of the above-described download. On or about April 20, 2023 Charter provided a response to the administrative subpoena, which contained the following information:

a. Subscriber Name: Randy Kirkpatrick

b. Address: 1025 PARK AVE, SOUTH MILWAUKEE, WI 53172

c. Lease Start Date: 09/06/2021 02:05 AM

11.     On June 22, 2023, a search warrant, issued in the United States District Court for the Eastern District of Wisconsin was executed by the FBI at 1025 PARK AVE, SOUTH MILWAUKEE, WI 53172. During the search, law enforcement officers seized as evidence a Samsung cell phone, model number SM-S515DL, with IMEI ending in 66530, (hereinafter, "the Phone") from the location. The Phone was located in a hallway closet. Pursuant to the search warrant, a forensic examination of the Phone was conducted. The Phone was assigned telephone number **414-840-3747.**

12.     The Phone contained the installed applications "BitTorrent" which was installed on the Phone in or about January 2023.

7

13. I conducted a review of the images and videos recovered from the Phone. The phone contained approximately 428 images and 48 videos consistent with the definition of CSAM. Examples of the CSAM viewed on the phone are described below:

a. One image stored in the Phone's cache gallery was an identical match to the first image of the video described in the March 24, 2023 BitTorrent distribution. This image showed a juvenile girl, approximately six to eight years old sitting completely nude facing the camera with her legs spread to expose her vagina which the girl is touching with her hand.

b. A full color video of a completely nude prepubescent female, approximately five to seven years old, and a nude adult male. The girl is lying on her back with her knees bent and spread to expose her nude vagina. The words "FUCK ME" are written on the girl's stomach and there is an arrow pointing to her vagina. An adult male uses his hand to push his penis into the girl's vagina. The male also rubs his penis on the girl's vagina then continues to insert it into her vagina.

c. A full color still image of a completely nude prepubescent female, approximately five to seven years old, and a completely nude adult male. The girl is lying on her back with a purple blindfold over her eyes, and a thick purple collar around her neck. The girl's legs have purple straps around them which are chained to purple straps around the girl's arms, causing her legs to be spread and her knees bent up. The adult male is between the girl's legs, and he is using his hand to insert his penis into her vagina.

14. The Phone also contained identifiers linking the Phone to Kirkpatrick, including but not limited to email addresses, social media accounts, and stored credit card information.

8

15. On or about June 22, 2023, Randy Kirkpatrick was interviewed by a Special Agent and a Task Force Officer of the FBI in a non-custodial setting at the FBI Milwaukee Field Office. During the interview, Kirkpatrick stated that Kirkpatrick had lost the Phone days prior to the interview and did not know where it was. On the same day, Kirkpatrick's girlfriend was interviewed by a Special Agent with the FBI and stated that Kirkpatrick had been using the phone earlier that day. Kirkpatrick denied any recent use of a BitTorrent program and denied viewing CSAM.

16. Based on the foregoing, I submit that there is probable cause to believe that the records identified in Attachment B, which correspond to telephone numbers **414-840-3747** are likely to constitute evidence of the above-described violations of 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2252A(a)(2)(A) as the records requested will show further details about the operation of the Phone.

17. The forensic download of the Phone showed that Verizon was the service provider.

18. In my training and experience, I have learned that Verizon is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site

9

data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

19. Based on my training and experience, I know that Verizon can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as Verizon typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

20. Based on my training and experience, I know that wireless providers such as Verizon typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as Verizon typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users.

## AUTHORIZATION REQUEST

21. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

22. I further request that the Court direct Verizon to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on Verizon, who will then compile the requested

10

records at a time convenient to it, reasonable cause exists to permit the execution of the requested

warrant at any time in the day or night.

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number **414-840-3747** ("the Account") that are stored at premises controlled by Verizon ("the Provider"), headquartered at 180 Washington Valley Road, Bedminster, New Jersey, 07921.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Accounts listed in Attachment A for the time periods from March 15, 2023, through June 23, 2023:

  a.   The following information about the customers or subscribers of the Accounts:

   i.   Names (including subscriber names, usernames, and screen names);

   ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long-distance telephone connection records;

   iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v.   Length of service (including start date) and types of service utilized;

   vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

13

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Accounts, including:

   i. Records of user activity for each connection made to or from the Accounts, including log files; text messaging logs; the date, time, length, and method of connections; data transfer volume; usernames; and source and destination Internet Protocol addresses;

   ii. Information about each communication sent or received by the Accounts, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as the source and destination telephone numbers, email addresses, and IP addresses); and

   iii. All data regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received;

   iv. All historical GPS or other precision location information associated with each Accounts listed in Attachment A, including Per Call Measurement Data (PCMD), Range to Tower/Real-Time Tool (RTT) data, NELOS records, and Timing Advance Data (TrueCall)).

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2252A(a)(2)(A), during the period from March 15, 2023, through June 23, 2023.

14